UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GINA HYLTON,

                 Plaintiff,

-against-

RY MANAGEMENT, RIVER PARK
ASSOCIATES, BERNARD YOUNG, a Contract
Arbitrator, and SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 32BJ,

                 Defendants.
------------------------------------------------------------X

MEMORANDUM DECISION
AND ORDER
05 CV 6710 (GBD)

GEORGE B. DANIELS, District Judge:

On March 11, 2005, pro se plaintiff Gina Hylton filed a complaint in the Supreme Court of the State of New York against her union, Service Employees International Union, Local 32BJ ("Local 32BJ"), her former employers, RY Management and River Park Associates ("River Park"), and Bernard Young, a contract arbitrator.[1] Pursuant to 29 U.S.C. §§ 1441 and 1446, the matter was removed to this Court.

Plaintiff alleges that River Park and Local 32BJ conducted unfair labor practices by engaging in a "secret and unlawful collaboration" to make it "markedly difficult" for plaintiff to carry out her bargaining duties as shop steward. Plaintiff further alleges that defendants collaborated to arbitrarily terminate her employment in breach of their collective bargaining agreement. Plaintiff also alleges that Local 32BJ failed to subpoena key witnesses at plaintiff's arbitration proceeding in breach of its duty of fair representation under the collective bargaining agreement. Plaintiff alleges that "although [her] dues were always current, she was prevented from using the medical services provided by the insurance coverage of [her union]." Plaintiff

---

[1] Plaintiff filed an amended complaint with this Court on September 30, 2005.

1

makes numerous state and federal statutory claims, as well as tort and constitutional claims. Plaintiff also claims intentional infliction of emotional distress.

Defendants move to dismiss plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that the complaint is time-barred. Defendants further argue that the complaint does not meet the pleading requirements of Rule 8(a). Defendants' motions to dismiss are granted.

Plaintiff worked as a dispatcher and porter for approximately eight years at the River Park Towers, a federally subsidized housing development located in Bronx, New York.. Defendant River Park owns River Park Towers. Plaintiff was initially hired in the management office of River Park to perform dispatcher and clerical duties. In 1993, plaintiff was transferred to the maintenance office, where she worked as a porter.

Plaintiff was a rank and file member of Local 32BJ. In 2000, plaintiff was elected by her fellow workers as "Shop Steward," the union-sanctioned representative of her fellow employees. Plaintiff alleges that the service she performed for union constituents caused defendants to conspire against her. Plaintiff further alleges that RY Management had a practice of intentionally purchasing inadequate cleaning supplies, then blaming workers for not satisfactorily performing their janitorial duties.

Plaintiff alleges that after she was elected Shop Steward, she was summarily removed from the Maintenance office. Plaintiff further alleges that she was assigned to work by herself on the outside grounds, stairways, and roof of River Park Towers. Plaintiff alleges that she was not given any orientation or training to perform the janitorial work in a proper and safe manner.

On March 11, 2002, River Park terminated plaintiff's employment, citing numerous work deficiencies including failure to complete assigned work, failure to follow the orders of

management, and other personal misconduct. In April, 2002, Local 32BJ filed a complaint against River Park on plaintiff's behalf alleging that she was discharged in contravention of the union's collective bargaining agreement. Plaintiff claims that she was suspended, and later terminated, because of false charges filed by RY Management. RY Management charged that plaintiff used a vacant apartment room for her personal use. An arbitration hearing was held on November 8, 2002. Plaintiff alleges that legal counsel for the union did not subpoena key witnesses to testify on plaintiff's behalf. On December 10, 2002, the arbitrator concluded that the plaintiff had been "discharged for just cause."

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In assessing the sufficiency of a pleading, factual allegations in the complaint must be taken as true and reasonable inferences must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Since plaintiff is proceeding pro se, the pleadings of the amended complaint are to be liberally construed and interpreted in such a manner as to raise the strongest argument they suggest. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is particularly applicable with regard to a pro se complaint asserting civil rights violations. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). In discrimination cases, the pleading requirements "'are very lenient, even de minimis.'" Id. (quoting Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998)). Accordingly, plaintiff's amended complaint will be held to "'less stringent standards than formal pleadings drafted by lawyers,' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle

3

[her] to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 US 519, 520-21 (1972)).

### Unfair Labor Practice Claim

Sections 7 and 8 of the National Labor Relations Act ("NLRA."), 29 U.S.C. §§ 157-58, govern plaintiff's unfair labor practices claim against the defendant. These claims are subject to the exclusive jurisdiction of the National Labor Relations Board. San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 245 (1959); see also Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 108 (1989) (holding that the National Labor Relations Board has exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions). This Court therefore lacks jurisdiction over this claim. See Buckley v. American Federation of Television, 496 F.2d 305, 311-12 (2d Cir. 1974). Plaintiff's claim under the NLRA is dismissed.

### Section 401/Fair-Representation Claim

Plaintiff's claim that she was terminated without just cause in breach of the collective bargaining agreement is governed by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. See DelCostello v. Int'l Bd. of Teamsters, 462 U.S. 151, 164 (1983). Local 32BJ's duty of fair representation is "implied under the scheme of the National Labor Relations Act." See Delcostello, 462 U.S. at 164; Carrion v. Enterprise Ass'n, Metal Trades Branch, 227 F.3d 29, 33 (2d Cir. 2000).

An employee may sue both her former employer and her union in response to the employee's belief that she was not fairly represented at an arbitration hearing. DelCostello, 462

4

U.S. at 164; Carrion, 227 F.3d at 33. This type of suit is known as a hybrid Section 301/fair-representation claim because it alleges that (1) the employer breached the labor contract and that (2) the union breached its duty of fair representation. DelCostello, 462 U.S. at 164-65; Carrion, 227 F.3d at 33. A six-month statute of limitations applies to hybrid Section 301/fair-representation claims, which commences when the arbitrator issues the award. Ghartey v. St. Johns Queens Hosp., 869 F.2d 160, 164-66 (2d Cir. 1989); see also Kavowras v. New York Times, 328 F.3d 50, 56 (2d Cir. 2003).

The arbitrator issued his decision on December 10, 2002. Under the six-month statute of limitations period, the plaintiff's hybrid Section 301/fair-representation claim and unfair labor practices claim were required to have been filed no later than June 10, 2003. Plaintiff did not file her original complaint until March 11, 2005, nearly two years after the statute of limitations period. Plaintiff's claims are therefore dismissed as time-barred.

Improper Discipline under the LMRDA.

Plaintiff claims that she was improperly disciplined under the or Labor Management Reporting and Disclosure Act, or Landrum-Griffin Act ("LMRDA"). Plaintiff has failed to state a cause of action under the LMRDA. The LMRDA states that

> "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined . . . by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

29 U.S.C. § 411(a)(5). This provision protects employees against the disciplinary actions of unions; it does not protect employees against the disciplinary actions of employers. See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67, 92 (1989) (holding that the term "discipline" refers to "punishment that a union can impose by virtue of its

5

own authority over its members"); see also Schermerhorn v. Local 100, Transp. Workers Union, 91 F.3d 316, 326 (2d Cir. 1996) ("discipline" refers only to actions taken by a union to protect the union's interests).

The amended complaint alleges that plaintiff was improperly disciplined when she was suspended, and later terminated, from employment at River Park Towers. Plaintiff does not claim that she was suspended, expelled, or in any way disciplined by her union, Local 32BJ. Plaintiff has not alleged improper disciplinary action on the part of her "labor organization . . . or by any officer thereof." Plaintiff's claim under the LMRDA is dismissed.

Constitutional Claims

Plaintiff alleges violations of her rights under the Fourteenth Amendment and 42 U.S.C. § 1983 and § 1985. Plaintiff is required to show that she suffered a violation of a constitutional right and that the violation was committed under the color of state law. See U.S. Const. amend. XIV; 42 U.S.C. §§ 1983, 1985. Private conduct can be considered state action where "[t]he State has so far insinuated itself into a position of interdependence with [the private party] that it must be recognized as a joint participant in the challenged activity." Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961). When a defendant private entity is subject to government regulation, "the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). Unless a private entity exercises powers that traditionally belong to the state, the "sufficiently close nexus" test will only be met when a state is deemed responsible for a private decision. Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982).

6

The only nexus between River Park and the State of New York is that the building defendants own and manage is a recipient of federal financial assistance. It is also under the regulatory control of the United States Department of Housing and Urban Development (HUD). Such a connection is insufficient to satisfy the "sufficiently close nexus" test. See Neal v. Martinez, No. 01 CV. 11587, 2003 WL 260524 (S.D.N.Y. Feb. 5, 2003). In Neal, plaintiff tenants sued the owners and managers of a federally-funded and HUD-regulated housing development. After noting that federal funds and HUD regulation constituted the "only connection Plaintiffs make between Defendants and any state actor," the court held that plaintiffs failed "even to approach the close nexus required by Blum." Id. at *2. Plaintiff does not mention state action in the amended complaint, nor allege any facts constituting state action. See Schlein v. Milford Hospital, Inc., 561 F.2d 427, 428-29 (mere fact that hospital was state-licensed, regulated by the state health department, tax exempt, and empowered by the state to annex contiguous land for expansion was insufficient to find "state action" where state was not shown to have played any part in the formulation or implementation of procedures utilized in denying application for staff privileges). Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. §§ 1983, 1985 are therefore dismissed.

Intentional Infliction of Emotional Distress

Plaintiff accuses Local 32BJ of intentional infliction of emotional distress. Plaintiff alleges that:

> [T]he defendant's negligent actions were intended to inflict emotional stress and severe psychological agony upon the mind and spirit of the plaintiff . . . [a]nd the plaintiff did suffer mental anguish and emotional harm upon learning that her union was actively collaborating with the employer, R/Y [sic] Management, in failing to represent the legal and genuine rights and

7

> legitimate grievances of a union member, who had paid her dues faithfully for
> a period of nine years, and had performed her work in a satisfactory manner,
> but had insisted that the employer and union respect the person and rights of a
> union member in good standing.

(Am. Compl. ¶ 16.)

To support a claim for intentional infliction of emotional distress, under New York law, the alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Martin v. Citibank, N.A., 762 F.2d 212, 220 (2d Cir. 1985) (quoting Fischer v. Maloney, 43 N.Y.2d, 553, 558, 402 N.Y.S.2d 991, 992-93, 373 N.E.2d 1215, 1217 (N.Y. 1978). Moreover, the extreme and outrageous conduct "must be clearly alleged for the pleadings to survive dismissal." Dillon v. City of New York, 261 A.D.2d 34, 41, 704 N.Y.S.2d 1, 7-8 (App. Div. 1st Dept. 1999). New York courts have been "very strict" in enforcing these elements. Martin, 762 F.2d at 220.

Plaintiff alleges that Local 32BJ failed to adequately represent her at her arbitration hearing. Inadequate representation of a union member does not approach the threshold for behavior that courts have deemed "outrageous" or "beyond all possible bounds of human decency." See Gay v. Carlson, 60 F.3d 83, 89 (2d Cir. 1995) (an employee's allegations of conspiracy against his manager and fellow employees "even if done maliciously, simply fails to measure up to what is required to establish [intentional infliction of emotional distress]"). Plaintiff's intentional infliction of emotional distress claim is dismissed.

### Claims against Arbitrator

Plaintiff alleges misconduct by the arbitrator during the arbitration hearing. Courts have uniformly immunized arbitrators from civil liability for all acts performed in their arbitral

8

capacity. Austern v. Chi. Bd. of Options Exch., 898 F.2d 882, 886 (2d Cir. 1990) (holding that arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability for all acts within the scope of the arbitral process). Plaintiff's allegations against the arbitrator all relate to alleged misconduct in his arbitral capacity. He is therefore immune from civil liability in this case. Plaintiff's claims against Bernard Young, arbitrator of the November 8, 2002 hearing, are dismissed.

### Remaining Claims

Plaintiff claims that defendants violated her rights under, the Title VII of the Civil Rights Act of 1964, the Equal Employment Act of 1972, the Consolidated Omnibus Budget Reconciliation Act of 1986, and Section 296 of the New York State Human Rights Law. Each of these claims are unsupported by factual allegations in the complaint. "[W]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d. Cir. 1996); see also De Jesus v. Sears, Roebuck and Co., 87 F.3d 65, 70 (2d. Cir. 1996) (holding that a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)). Plaintiff's cannot allege facts to state a claim under these laws.

Plaintiff claims that defendants "negligently failed to take corrective actions with regards to [her] complaints" of "incessant sexual harassment at the job site." In order for plaintiff to establish a prima facie case under, Title VII of the Civil Rights Act of 1964, the Equal Employment Act of 1972, and the New York State Human Rights Law, she must demonstrate that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

9

(1973); see also Demoret v. Zegarelli, 451 F.3d 140, 153 (2d. Cir. 2006) (holding that courts analyze state and federal discrimination claims under the framework of McDonnell Douglas). Plaintiff claims that she made her initial complaint to the vice president of R/Y Management and to her union representative. Plaintiff states that when the "vice president of the union was compelled to intervene," plaintiff was transferred from her desk job, and a few months later, terminated. Plaintiff's conclusory allegations are devoid of any factual assertion of conditions giving rise to an inference of discrimination. Plaintiff's Title VII claim is therefore dismissed.

The Consolidated Omnibus Budget Reconciliation Act ("COBRA") provides that, if an employer maintains a group health plan, the plan must provide continuation coverage for employees who would lose coverage because of a qualifying event. The employer or sponsor's only further obligation under COBRA is to notify the administrator of the qualifying event, after which the administrator must give notice under COBRA to the particular beneficiaries of their right to continuation coverage. 29 U.S.C. § 1166. "An employer is under no obligation flowing from COBRA to adopt a group health plan or to maintain one that is in existence." Local 217 v. MHM, Inc., 976 F.2d 805, 809. Plaintiff cannot maintain a claim under COBRA against defendants. Plaintiff alleges that "although [her] dues were always current, she was prevented from using the medical services provided by the insurance coverage of [her union]." The complaint is devoid of any factual allegation regarding a violation of the terms of any group health plan. This claim must also be dismissed.

Defendants' motions to dismiss are granted. This case is dismissed in its entirety.

Dated: New York, New York
July 25, 2006

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

10